In re: WACHOVIA CORP. "PICK–A–PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION.

MDL No. 2015.

United States Judicial Panel on Multidistrict Litigation.

Feb. 13, 2009.

Before J. FREDERICK MOTZ, Acting Chairman, JOHN G. HEYBURN II, Chairman *, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN *, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR., Judges of the Panel.

### TRANSFER ORDER

J. FREDERICK MOTZ, Acting Chairman.

**Before the entire Panel \*:** Plaintiffs in the District of South Carolina action move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of South Carolina. Plaintiffs in the Northern District of Florida action and the District of Maryland action support the motion. Wachovia Corp. (Wachovia) and affiliated entities [1] also support centralization in the South Carolina district or, alternatively, suggest centralization in the Western District of Texas. Plaintiffs in the Northern District of California action oppose centralization; if the Panel deems centralization appropriate, they suggest the Northern District of California as transferee district.

This litigation presently consists of four actions listed on Schedule A and pending

---

\* Judges Heyburn and Hansen took no part in the disposition of this matter.

1. Golden West Financial Corp.; Wachovia Mortgage FSB; and World Savings Bank, FSB.

in four districts as follows: one action each in the Northern District of California, the Northern District of Florida, the District of Maryland and the District of South Carolina.[2]

 On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of allegations that defendants made misrepresentations or omissions in the marketing of Pick–a–Payment/Option ARM residential mortgage loans. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee district, because (1) the first-filed action is proceeding apace there, and (2) the Northern District of California has the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Jeremy D. Fogel for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

2. The Panel has been notified that a related action has recently been filed in the District of New Jersey. This action will be treated as a

## SCHEDULE A

MDL No. 2015 — **IN RE: WACHOVIA CORP. "PICK–A–PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION**

*Northern District of California*
Dolores Mandrigues, et al. v. World Savings, Inc., et al., C.A. No. 5:07–4497

*Northern District of Florida*
Chad R. Whatley, et al. v. World Savings Bank, FSB, et al., C.A. No. 4:08–380

*District of Maryland*
Judith M. Holley, et al. v. World Savings Bank, FSB, et al., C.A. No. 1:08–2307

*District of South Carolina*
Bonnie Mincey, et al. v. World Savings Bank, FSB, et al., C.A. No. 2:07–3762

potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).